a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| LARRY DARNELL WHEELER, Plaintiff | CIVIL ACTION NO. 1:19-CV-443-P |
|---|---|
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights Complaint under 42 U.S.C. § 1983 of *pro se* Plaintiff Larry Darnell Wheeler ("Wheeler") (#163673). Wheeler is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Wheeler alleges that he was bitten by a spider at WCC, resulting in a serious injury.

Because Wheeler fails to state a claim for the deprivation of a constitutional right, his Complaint (Doc. 1) should be DENIED and DISMISSED.

I. **Background**

Wheeler alleges that he was bitten by a poisonous spider at WCC. (Doc. 1, p. 4). Wheeler claims that he now suffers from nightmares and a fear of spiders. (Doc. 1, p. 4). Wheeler names as Defendants WCC, Medical Director Randi Price, and Dr. Hearn.

II.  Law and Analysis

    A.  Wheeler's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Wheeler is a prisoner who has been granted leave to proceed in forma pauperis. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Wheeler's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Wheeler's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.  Wheeler has not alleged unconstitutional conditions of confinement or deliberate indifference.

The Constitution does not require that prisoners be provided pleasant surroundings or a comfortable jail. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). The constitutional prohibition against cruel and unusual punishment

requires simply that prisoners be afforded humane conditions of confinement and receive adequate food, shelter, clothing, and medical care. See Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001).

To establish an Eighth Amendment violation based on conditions of confinement, a prisoner must satisfy both an objective and a subjective component. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). "First, he must show that his confinement resulted in a deprivation that was 'objectively, sufficiently serious.'" Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To make such a showing, the prisoner must demonstrate that the deprivation violated contemporary standards of decency and resulted in the denial of "the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Second, the prisoner must show that prison officials possessed a sufficiently culpable state of mind in that they were deliberately indifferent to the alleged conditions. See Wilson, 501 U.S. at 297-303; Woods, 51 F.3d at 581. To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837.

Wheeler has not alleged inhumane living conditions. The presence of spiders does not establish that Wheeler was denied the minimal civilized measure of life's necessities. See Alex v. Stalder, 73 F. App'x 80 (5th Cir. 2003) (Alex's assertions that he has been bitten by ants and spiders, for which he received medical treatment, do

not establish deliberate indifference). "Spiders are not uncommon in an ordinary home, and their presence does not constitute the kind of 'extreme deprivation' of 'life's necessities' required to show deliberate indifference." Hubbard v. Denmark, 1:13-cv-498, 2014 WL 4384328, at *5 (S.D. Miss. Sept. 3, 2014); see also Frechou v. Allison, 1:08-cv-1396, 2010 WL 578493 (S.D. Miss., February 11, 2010) (rejecting claim of lack of pest control for ants and spiders, resulting in plaintiff being bitten by ants at times); Armstead v. Hanson, 5:04-cv-1666, 2007 WL 519671, at *2 (W.D. La. Jan. 22, 2007) ("[T]he presence of spiders and spider webs in a building are a common occurrence. . . .").

Additionally, there are no allegations that Defendants acted with a culpable state of mind in allowing spiders into the facility. In fact, the response to Wheeler's grievance states: "The Orkin company comes weekly and sprays." (Doc. 1-2, p. 2). Thus, Wheeler does not state a viable conditions of confinement claim.

### C. Wheeler has not alleged a deprivation of medical care.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer, 511 U.S. at 834; Estelle v. Gamble, 429 U.S. 97, 105 (1976). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Wheler does not allege that his medical complaints were ignored, or that he was refused treatment. Wheeler was examined by the Nurse Practitioner and physician and treated until he was healed. (Doc. 1-2, p. 2). To the extent that Wheeler disagrees with the treatment he received, his claim is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

### III. Conclusion

Because Wheeler fails to state a viable claim for the deprivation of a constitutional right, IT IS RECOMMENDED that his Complaint (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>11th</u> day of June, 2019.

*[signature]*

Joseph H.L. Perez-Montes
United States Magistrate Judge